UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                CRIMINAL NO. 3:08cr141-DPJ-LRA

ANTONIO TURNER

ORDER

This case is before the Court on Defendant Antonio Turner's three post-trial motions

[227, 228, 233] and his 28 U.S.C. § 2255 motion to vacate [230].  Pursuant to the Court's order

[229], the Government and Turner's former counsel filed responses [231, 232] to two of the

post-trial motions.  Having reviewed the motions and responses, the Court now rules as follows.

I.        Facts and Procedural History

On September 10, 2008, the federal grand jury charged Turner in a five-count indictment

with robbery, carjacking, and related firearm charges arising out of events that took place in July

2008, in Hinds County, Mississippi.  Turner was tried before a jury in the Jackson Division of

the Southern District of Mississippi in August 2009.[1]  That jury convicted him of three of the

five counts but was unable to reach a verdict on the remaining two charges related to the

shooting of a local police officer.

In the second trial, the Court spent two days attempting to select a jury before concluding

that media coverage of the shooting and the first trial had tainted the pool.  The Court therefore

granted Turner's renewed motion to change venue.  The retrial on the two outstanding charges

---

[1]Pursuant to a Realignment Act signed into law December 20, 2013, Hinds County and nine of the thirteen counties formerly designated as the Jackson Division, along with eight additional Mississippi counties, were reorganized as the Northern Division of the Southern District of Mississippi.

then took place before a jury selected from a panel out of the Southern Division of the Southern

District of Mississippi in August 2010.[2]  The Southern Division jury convicted Turner of the

remaining two charges, and on November 12, 2010, the Court sentenced Turner to a total term of

1,000 months imprisonment.

Turner appealed his conviction, and the Fifth Circuit affirmed on March 7, 2012.  Turner

thereafter filed a petition for a writ of certiorari, which the Supreme Court denied on October 1,

2012.  On June 19, 2013, Turner filed his first post-trial motion, seeking a copy of "the approved

jury plan in place for the composition of/compiling of the grand/pettie [sic] jury pool(s) for the

Southern District of Mississippi . . . to preset a fair cross section challenge . . . ."  Mot. [222].

The Court granted that motion and, on July 12, 2013, sent Turner a copy of the Jury Plan that

went into effect March 28, 2011.  Order [224]; Attachment [225].

Turner next filed his motion [227] seeking production and/or inspection of the following

additional documents:  (1) the jury plan that was in place for 2007 through 2008; (2) the master

juror wheel and qualified juror wheel for the grand and petit juries at the time of his indictment

and trials; (3) the grand jury certificate covering the date of his indictment; (4) a copy of his

complete file from his trial and appellate counsel; and (5) copies of transcripts and court filings

for all proceedings in his case.  Mot. [227] at 1–2.  Shortly thereafter, Turner filed his next

motion [228] asking the Court to allow him to supplement his contemporaneously filed § 2255

motion [230] at a later date and to provide funds to obtain counsel and an expert to assist him in

formulating his challenge to the jury-selection process. The Court entered its order [229]

---

[2]Following the passage of the Realignment Act, a single county—Greene County—was added to the existing six counties that comprised the Southern Division of the Southern District of Mississippi.

requesting input from the Government and Turner's former counsel on several of the requests,

and the Government [231] and Turner's former counsel [232] timely responded.[3]   Finally, Turner

moved [233] to amend his § 2255 motion.  Each procedural motion will be addressed in turn.

II.      Motion for the Complete File and Transcripts [227]

Turner's request for a copy of his file and all transcripts comes with alternative pleas:  he

asks that his former counsel be required to release his "complete file" to him; otherwise, he asks

that the Court order the Government or the Clerk of Court to copy and send the requested

records to him.[4]

A.      Request for Documents at Government's Expense

Looking first to his request that the Government or the Clerk of Court furnish records and

transcripts, federal statutes govern the availability of free records to indigent habeas petitioners.

*See* 28 U.S.C. § 753(f) (covering transcripts); *id.* § 2250 (covering other court records).  Under

§753(f), free transcripts are available only if the judge "certifies that the asserted claim is not

frivolous and that the transcript is needed to decide the issue."  *United States v. Davis*, 369 F.

App'x 546, 547 (5th Cir. 2010).  And "[w]hether to order copies under § 2250 rests within the

sound discretion of the Court.  The petitioner must first make a showing of indigency, then 'need

and relevance.'"  *Wiggins v. United States*, Nos. 1:03cv735-BRR, 1:01cr49-BRG, 2005 WL

---

[3]The actual § 2255 motion was signed September 27, 2013, which is within the October 1, 2013 deadline under 18 U.S.C. § 2255(f).  But under the prison mailbox rule, the motion is deemed filed the day Turner placed it in the hands of prison officials.  *Brown v. Taylor*, 829 F.3d 365, 368 (5th Cir. 2016).  That date is not discernable from the current record, but the motion itself was received by the Clerk of Court October, 8, 2013.

[4]Though Turner filed this request before filing his § 2255 motion, the Court assumes without deciding that the subsequent filing makes these motions ripe.

1362234, at *2 (S.D. Miss. June 3, 2005).  "A federal prisoner is not entitled to obtain copies of

court records at Government expense for the purpose of searching the record for possible error."

*Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (citations omitted); *see also United*

*States v. Watson*, No. 02-30604, 2003 WL 1109766, at *1 (5th Cir. Feb. 19, 2003) (holding that

petitioners are "not entitled to conduct a 'fishing expedition' to locate possible errors").

Here Turner seeks all court records and transcripts.  But his motion merely states in

general terms that the requested "records, files and/or documents are essential to assist him in the

preparing of the § 2255 petition in his question to overturn both his conviction and sentence."

Def.'s Mot. [227] at 2.  This explanation fails to specify which of his habeas claims would

require the records he seeks, which specific records are needed, or why they are relevant.

Reviewing Turner's actual claims further reflects the lack of need or relevance as to any

portion of the transcripts or records, much less the entire universe of documents.  The grounds

and their relationship to the transcripts and records are as follows:

| | |
|---|---|
| Ground One: | Turner asserts that the make-up of the grand and petit jury pools violated the Jury Selection and Service Act of 1968 and otherwise failed to represent a fair cross section of the community.  Pet. [228] at 4.  As discussed later, the Court will provide certain documents related to this claim that are not otherwise part of the court record for this criminal matter, but nothing in the trial transcripts or the court records will speak to this issue. |
| Ground Two: | Turner asserts ineffective assistance of counsel for failing to call a witness at a suppression hearing.  *Id.* at 5.  The only relevant transcript would be from the hearing itself, and it would merely confirm the absence of this witness, a matter of which the Court can take judicial notice. |
| Ground Three: | Turner offers newly discovered evidence in the form of an affidavit disputing the veracity of a Government witness's testimony.  *Id.* at 7.  The relevant evidence for this ground is the affidavit itself.  Nothing in the transcripts or the court records will address evidence that was newly discovered. |

Ground Four:     Turner asserts that counsel was ineffective "for failing to motion the court to change the 'entire' panel of perspective jurors due to possible taint/juror misconduct." *Id.* at 8. He contends that several potential jurors had connections to law enforcement and could have "tainted the jury pool before [they were] released, [so] the court should have questioned the remaining members of the pool in this regard." *Id.* Notably, however, Turner specifically cites page numbers from the trial transcript to make this argument, indicating that he has access to it. And nothing in the court records will otherwise speak to this issue. Finally, the ground itself appears to be frivolous, *see Teague v. Scott*, 60 F.3d 1167, 1172–73 (5th Cir. 1995), though the Court will further examine the point when Turner files his supplemental memorandum.

Ground Five:     Turner claims that he "is entitled to resentencing on counts (2) 924(c)(1)(ii) and (4) 924(c)(1)(C)(I) as the elements of 'BRANDISHING' and 'DISCHARGE' of a firearm have to be found by a jury." *Id.* at 9 (citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013)). The only relevant portions of the trial transcripts as to those issues would be the Court's final instructions to the juries—both of which show that the juries decided these very issues. In the first trial, the jury convicted Turner on Count Four and was instructed that the Government had the burden of proving, beyond a reasonable doubt, "that the defendant knowingly used and *discharged* a firearm during and in relation to the defendant's alleged commission of the crime charged in count three." Tr. [189] at 26 (emphasis added). In the second trial, the jury convicted Turner of Count Two and was instructed that the Government had the burden of proving, beyond a reasonable doubt, "[t]hat the defendant knowingly used, carried and *discharged* a firearm during and in relation to the defendant's alleged commission of the armed carjacking in Charge 1." Tr. [202] at 1153 (emphasis added). No other portions of the transcripts or court records would be relevant, and the ground itself is patently frivolous. The transcripts are not necessary to decide the merits of this claim.

Having compared Turner's claims to the documents he seeks, the Court concludes that he is not entitled to free copies at the Government's expense. Given the scope of the request and the lack of demonstrated need or relevance, it appears that Turner wishes to go on a "'fishing expedition' to locate possible errors." *Watson*, 2003 WL 1109766, at *1. The request is denied.

B.     Attorney Records

Regarding his request for a complete copy of his attorney's records, no statute guides this

analysis.  But the Fifth Circuit and other jurisdictions construe such requests as requests for

discovery, which may be granted "to the extent that, the judge in the exercise of his discretion

and for good cause shown grants leave to do so, but not otherwise."  *United States v. Trevino*,

554 F. App'x 289, 295 (5th Cir. 2014) (affirming trial court's denial of § 2255 petitioner's

request for entire attorney file) (citing *United States v. Webster*, 392 F.3d 787, 801–802 (5th Cir.

2004) (discussing grounds for allowing discovery)).  And as before, the Fifth Circuit "does not . .

. sanction fishing expeditions based on petitioner's conclusory allegations."  *Webster*, 392 F.3d

at 802 (citation and quotation marks omitted).

 In the present case, Turner states that he "was 'never' provided with complete discovery

or the discovery [of] Jenks [sic] material for that matter by any of his counsel" and therefore

seeks an order instructing counsel to "release the 'complete file' to him at no cost."  Def.'s Mot.

[227] at 2.  Turner likewise asks that his attorney provide all transcripts and court records.  *Id.*

And he generally explains that "these records, files and/or documents are essential to assist him

in the preparing of the § 2255 petition in his quest to overturn both his conviction and sentence."

*Id.* at 2.

 In his response, Turner's former attorney, the Honorable Clarence T. Guthrie III,

indicates that he and Turner jointly, and "extensively " reviewed all case materials, including

"all discovery."  Resp. [232] at 2.  He further states that the records fall within three categories:

(1) the transcripts and court filings; (2) attorney work product; and (3) discovery materials.  *Id.*

at 3.

 As an initial point, the request for the complete file is overly broad, and Turner has "not

set forth 'specific allegations of fact'" justifying such production in light of the five grounds for

relief he has asserted.  *Trevino*, 554 F. App'x at 295.  Producing the entire file would also constitute an unwarranted fishing expedition.  *See Webster*, 392 F.3d at 802.

Looking more closely at the three categories of documents Guthrie possesses, the Court's reasoning for denying Turner's request for free copies of the transcripts and court filings applies equally to Turner's request that Guthrie provide these materials.  Turner has not shown good cause.

Regarding the final two categories, work product and discovery, the Court will instruct Guthrie to produce to Turner any file materials or discovery related to Grounds Two and Four. Both grounds assert ineffective assistance of counsel, so it is possible that documents within the attorney's files might speak to those issues.  If so, good cause arguably exists for their production.  Turner has not shown good cause to produce documents related to the remaining grounds or the balance of Guthrie's files.

Finally, the Court notes Guthrie's concern that production of discovery might jeopardize the safety of others if released into the prison community.  Resp. [232] at 3.  The concern is legitimate and shared by this and other courts.  *See, e.g.*, *United States v. Curtner*, 2008 WL 905923, at *1 (C.D. Ill. 2008) ("It is the policy of this court, however, that discovery materials should not be available to prisoners for unfettered and uncontrolled use in the prison system."). Accordingly, if Guthrie finds discovery that somehow relates to Grounds Two and Four and he has concern that it would create this risk, then he should produce the evidence for *in camera* review.  Likewise, if Guthrie is unsure whether a specific item from his files relates to these grounds, he may produce it *in camera*.

Guthrie is given 21 days to comply with this Order either by mailing to Turner

documents responsive to the Court's Order and docketing a notice of compliance, or by submitting the same to the Court for in camera review.  Turner's motion is otherwise denied because he has not offered specific facts showing good cause for production of the entire file.

III.    Motion for Copies of the Jury Plan and for Inspection of the Master Juror Wheel, Qualified Juror Wheel, and Grand Jury Certificate [227]; Motion to Appoint Expert [228]; & Motion to Supplement § 2255 Motion [228]

Turner next seeks copies of and/or the right to inspect a number of documents related to the means by which the Court populates its jury pools for grand and petit jury service.  He also asks the Court to provide $10,000 so he can obtain an expert and/or legal counsel.  Turner avers that the requested documents and expert/legal assistance are needed to develop a claim raised in his § 2255 motion that the grand and petit jury pools involved in his case "were compiled in violation to [sic] the JURY SELECTION AND SERVICE ACT OF 1968 . . . ."  Section 2255 Mot. [23] at 4.  Finally, he asks for leave to supplement his § 2255 motion following receipt of the requested items and/or assistance.

In general terms, Turner argues that "blacks are systematically kept off grand/petit juries [and] jury pools."  *Id.*  As the Court noted in its previous Order [229] at 3, "[a] statutory challenge to the jury selection process must be made within the time limits prescribed by 28 U.S.C. § 1867(a)," which requires a motion challenging compliance with the Jury Selection and Service Act be filed no later than "before the voir dire examination begins . . . ."  28 U.S.C. § 1867(a); *see United States v. De Alba-Conrado*, 481 F.2d 1266, 1269–70 (5th Cir. 1973).  So Turner's statutory claim is time-barred.

But a Sixth Amendment fair-cross-section claim would not be subject to the statutory time-bar.  *See De Alba-Conrado*, 481 F. 2d at 1269–70 (quoting 28 U.S.C. § 1867(e) ("Nothing

in this section shall preclude any person . . . from pursuing any other remedy . . . which may be available for the vindication or enforcement of any law prohibiting discrimination . . . in the selection of persons for service on grand or petit juries.")).

The Court has done some initial research into the issues and believes Turner is entitled to further documentation to make his fair-cross-section claim.  In particular, the Court has attached hereto the following exhibits:  Exhibit A, demographic information on the 2005–2009 District-Wide Qualified Jury Wheel, from which the grand jury that indicted Turner was selected; Exhibit B, demographic information on the Qualified Jury Wheel for the Jackson Division, from which the jurors for Turner's first trial were selected; Exhibit C, demographic information on the Qualified Jury Wheel for the Southern Division, from which the jurors for Turner's second trial were selected; Exhibit D, the Jury Plan filed August 7, 2001; and Exhibit E, the Jury Plan filed April 17, 2008.  Turner's motion [227] is granted to the extent these items are being provided; it is otherwise denied.

In light of this ruling, Turner's motion to supplement [228] is likewise granted, provided that his supplementation relates to a ground raised in his petition.  New grounds raised after October 1, 2013, would be time barred absent tolling under 28 U.S.C. § 2255(f).  *See United States v. Gonzalez*, 592 F.3d 675, 678 (5th Cir. 2009).  If Turner relies on any documents to support any portion of his supplement, they should be attached as exhibits.

Turning to the request for funds to obtain legal representation and an expert, those prayers are denied.  Starting with appointment of counsel, Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Court must appoint an attorney to represent a petitioner if it concludes that "an evidentiary hearing is

warranted."  No such conclusion has been reached in this case, so the request for counsel is premature.  *See United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) ("Whether to appoint counsel to represent a defendant in a § 2255 proceeding is committed to the sound discretion of the district court.").

Regarding funding for an expert, Turner provides no authority for the provision of an expert in the context of a § 2255 motion in a non-capital case.  Title 18 U.S.C. § 3006A(e), on which Turner relies, applies to appointment of an expert in the trial and sentencing of indigent defendants and makes no mention of § 2255.  A more specific section references expert services in the § 2255 context, but only where the petitioner "seek[s] to vacate or set aside a death sentence . . . ."  18 U.S.C. § 3599(a)(2).  Absent statutory authority for appointment of an expert in this context, the Court finds the request unwarranted and denies it.

IV.     Motion to Amend [233]

Turner seeks leave to amend his § 2255 motion so he can assert a claim based on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015).   In *Johnson*, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.  *Id.* at 2563; *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (making the *Johnson* ruling retroactive).

Turner's motion to amend cannot be granted unless he filed the motion within the time allowed for habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f).  *See United States v. Gonzalez*, 592 F.3d 675, 678 (5th Cir. 2009) (holding that issues raised in motion to amend must still be timely filed under § 2255(f)).

A district court may consider this timeliness issue *sua sponte* after providing the movant notice and an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

The AEDPA establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  That deadline begins to run from the latest of several potential events.  In this case, Turner's reliance on *Johnson* may invoke § 2255(f)(3), which tolls the statute of limitations until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

There is no question that *Johnson* and *Welch* would collectively trigger § 2255(f)(3) for inmates sentenced under the ACCA.  But Turner was not sentenced under that statute.  He was instead sentenced for two convictions under 18 U.S.C. § 924(c), which enhances a sentence when firearms are involved in a "crime of violence," as that term is defined by § 924(c)(3).  According to Turner, "*Johnson*'s constitutional holding regarding the ACCA's residual clause applies equally to the residual clause in 18 U.S.C. § 924(c)."  Def.'s Mot. [233] at 1.  But even assuming *Johnson* applies to § 924(c)(3), which is questionable,[5] Turner is hereby given notice that the Court considers his motion untimely.

Though the Fifth Circuit has not addressed this precise question, it has held that with respect to § 924(c), *Johnson* does not meet the requirements for filing a second or successive petition under § 2255(h)(2).  Similar to § 2255(f)(3), § 2255(h)(2) allows a second or successive

---

[5]*See United States v. Gonzalez-Longoria*, No. 15-40041, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (refusing to extend *Johnson* to 18 U.S.C. § 16(b)); *see also United States v. Cosner*, No. 1:15-cr-96-SA, 2016 WL 5108026, at *1 (N.D. Miss. Sept. 20, 2016) (holding that *Johnson* does not impact § 924(c)(3)); *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (same).

petition based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). This statute was considered in *In re Fields*, where the Fifth Circuit denied a death-penalty defendant's attempt to apply *Johnson* to § 924(c)(3) in a successive petition because: (1) *Johnson* did not address § 924(c)(3); (2) courts are split on whether the *Johnson* analysis affects § 924(c)(3); and (3) there has been no holding that *Johnson* applies retroactively to § 924(c)(3). 826 F.3d 785, 786–87 (5th Cir. 2016). The same is true for § 2255(f)(3), making this motion untimely.

The Court will not grant leave to file an amended petition that raises a futile claim. So Turner must be given notice and an opportunity to respond to this statute-of-limitations issue before the Court can decide whether he should be allowed to raise *Johnson* in an amended petition. When Turner files his supplemental brief regarding his original § 2255 motion, he should address this issue as well.[6]

V.      Conclusion

For the foregoing reasons, Turner's Motion [227] is granted to the extent the Court is providing Exhibits A–E hereto and is instructing Guthrie to produce records within 21 days, but it is otherwise denied. Turner's Motion [228] is granted insofar as the request to supplement the § 2255 motion as to Grounds One, Two, and Four, but is otherwise denied. Turner shall have 35

---

[6]In fairness, the Court likewise gives notice that it is considering whether Turner's sentence was enhanced under § 924(c)(3)(B)'s residual clause or under § 924(c)(3)(A). His two predicate offenses were a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and carjacking by force, as prohibited by 18 U.S.C. § 2119. Other courts have found that those offenses satisfy the use-of-force clause found in § 924(c)(3)(A). *See, e.g.*, *In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (holding that Hobbs Act robbery conviction is crime of violence under § 924(c)(3)(A)); *United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1994) (holding that carjacking by force satisfies § 924(c)(3)(A)). If so, *Johnson* does not apply. Turner should address these issues.

days from the date Guthrie *mails* his response to Turner, or from the date the Court *mails*

documents to Turner following *in camera* review, whichever is later, to file a supplemental

memorandum in support of Grounds One, Two, and Four of his § 2255 petition.

Because the Court is permitting Turner to supplement his motion and has provided

additional materials, pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the

United States District Courts, the Government is hereby ordered to respond to Turner's motion

and his supplement within 30 days after the filing of his supplement.  Similarly, because

Grounds Two and Four of the motion assert ineffective assistance of counsel, Guthrie shall also

file a response to the motion within 30 days of the filing of Turner's supplement.  Turner may, if

he wishes, file a reply within 15 days following the filing of the later of the Government's and

Guthrie's responses.  No further briefing will be permitted absent further order of the Court.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE